# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14 CV 150 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| $25,982.28 IN U.S. CURRENCY, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This *in rem* civil forfeiture action is before the Court on plaintiff United States of America's motion to strike the claim of Maxine Golden ("Claimant Golden" or "Maxine Golden"), pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), because she failed to respond to special interrogatories served in accordance with the Supplemental Rules, and for lack of standing. (Doc. No. 25.) Maxine Golden, who is represented by counsel, has not opposed the motion. For the reasons that follow, plaintiff's motion to strike is GRANTED.[1]

## I. BACKGROUND

The government filed this civil forfeiture action against defendants: (1) $25,982.28 in U.S. Currency ("Currency"); (2) 2008 Dodge Ram 1500 ("Dodge"); (3)

---

[1] After reviewing the record in this case, the Court has determined that it is not necessary to conduct a hearing to assist the Court in ruling on plaintiff's motion.

2008 Chrysler Aspen ("Chrysler"); (4) 1999 Jeep Grand Cherokee ("Jeep"); and (5) White Gold Bezel Diamond Necklace ("Necklace") (collectively "Defendants"). (Corrected Complaint in Forfeiture ["Compl."], Doc. No. 10.) Defendants Currency, Dodge, and Necklace were seized on September 18. 2013, and defendants Jeep and Aspen were seized on September 25, 2013. (Compl., ¶ 3 at 50.[2]) The seizures resulted from a drug trafficking investigation of Alfonso Golden Jr., who was fatally shot on September 18, 2013. (*Id*., ¶¶ 6-11 at 51-52.)

The government began administrative forfeiture proceedings against the Defendants pursuant to 21 U.S.C. § 881(a)(4) and (a)(6) because the property constitutes proceeds from, or was used to facilitate, drug trafficking in violation of 21 U.S.C. § 841(a). (*Id.*, ¶ 5 at 50-51.) Auto Site, Inc.[3] submitted a claim to defendants Dodge and Chrysler, and filed an answer. (*Id.*, ¶ 4 at 50.) Maxine Golden submitted a claim in the administrative proceedings as to all Defendants, but did not file an answer. It is this claim that the government seeks to strike.

## II. DISCUSSION

A.  **Standard of Review**

The Civil Asset Forfeiture Reform Act[4] governs civil forfeiture actions. Persons claiming an interest in seized property may file a claim as provided by Rule G—Forfeiture Actions In Rem—of the Supplemental Rules. *United States v. Vehicle 2007*

---

[2] All page number references are to the page identification numbers generated by the Court's electronic filing system.

[3] The Court notes that paragraph 4 of the complaint alleges that "Safe Auto, Inc." filed claims against defendant Dodge Ram and defendant Chrysler Aspen. However the verified claim filed in this case states that the claimant is Auto Site, Inc. (Verified Claim of Auto Site, Inc., (Doc. No. 12) at 58.)

[4] 18 U.S.C. § 981 *et seq*.

*Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 822 (E.D. Mich. 2010) ("Under the Civil Asset Forfeiture Reform Act of 2000 . . . 'any person claiming an interest in the seized property may filed a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rule for Admiralty and Maritime Claims and Asset Forfeiture Actions.' 18 U.S.C. § 983(a)(4)(A).").

Rule G(5)(a) provides that a person contesting the forfeiture of property must file a verified claim describing the claimant's interest in the property. Because of the danger of false claims, Rule G(5)(a)(i) is not satisfied by a conclusory statement of ownership. *United States v. Thirty-One Thousand Dollars in U.S. Currency*, No. 11-12116, 2012 WL 5343350, at *4 (E.D. Mich. Oct. 29, 2012) (bald assertion of ownership is not sufficient to comply with Rule G(5) (citing *United States v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 339-40 (D.N.J. 2010) (other citations omitted))); *United States v Nine Thousand Five Hundred Dollars in U.S. Currency*, No. 3:13-cv-2361, 2014 WL 7005129, at *2 (N.D. Ohio Dec. 10, 2014) (general statement that claimant is the rightful owner of currency is insufficient to satisfy Rule G(5)(a) (citing *United States v. $154.853.00*, 744 F.3d 559, 563 (8th Cir. 2014) (other citation omitted)));*United States v. $104, 250.00 in U.S. Currency*, 947 F. Supp. 2d 560, 562-65 (D. Md. 2013) ("bald assertion of ownership"  insufficient to comply with pleading requirements of Rule G(5) (collecting cases)). Failure to fulfill the requirements of Rule G(5) can be a basis to strike a claim. *Id*. at 566 (motion to strike claim granted after claimant provided with adequate time and opportunity to amend claim to comply with Rule G(5)(a) but failed to do so).

Standing to assert a claim is a threshold issue in a civil forfeiture action, and it is claimant's burden to establish that she has both statutory and Article III standing to contest the forfeiture. *United States v. Four Thousand Two Hundred Seventy-Eight Dollars*, No. 12-10253, 2014 WL 3420774, at *3 (E.D. Mich. July 14, 2014) (citing *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998)); *see also* Rule G(8)(b)(1) ("A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)"). Statutory standing is established by satisfying the requirements of Rule G(5) for filing a claim. *Id.* (citing *United States v. Currency $11,331*, 482 F. Supp. 2d 873, 879 (E.D. Mich. 2007)). To establish Article III standing, the claimant must have a colorable interest in the property. *Id.* (citing *United States v. Currency $11,331*, 482 F. Supp. 2d at 880.)

While it is claimant's burden to establish standing, Rule G(6)[5] entitles the government to serve special interrogatories to determine whether the claimant has a sufficient interest in the seized property to contest the forfeiture, that is, whether the claimant has standing. *United States v. Funds in the Amount of $547,840*, 719 F.3d 648, 650 (7th Cir. 2013) ("The purpose of such interrogatories is to smoke out fraudulent claims—claims by persons who have no colorable claims."); *United States v. $113,420.00 in U.S. Currency,* 672 F.3d 629, 635 (9th Cir. 2012) ("The purpose of the

---

[5] **Rule G(6). Special Interrogatories.**

**(a) Time and Scope.** The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed . . .

**(b) Answers or Objections.** Answers or objections to these interrogatories must be served within 21 days after the interrogatories are served.

Rule G(6)(a) and (b).

4

rule is 'to permit the government to file limited interrogatories . . . to gather information that bears on the claimant's standing.' Supp. R. G. advisory committee's note (subdivision (6))."). So important are these interrogatories to the issue of standing that Rule G(8)(c)(1) permits the government to move to strike a claim or answer "(A) for failing to comply with Rule G(5) or (6); or (B) because the claimant lacks standing."

**B.     Analysis**

Questions regarding Claimant Golden's standing arose very early in this case. Her verified claim avers that "she is the rightful owner of [the Defendants] and claims full ownership of the same[,]" but provides no information about the nature of her ownership interest. (Verified Claim of Maxine Golden, (Doc. No. 11) at 55.) According to the government, defendants Chrysler and Jeep are registered to Maxine Golden, but "the law enforcement investigation revealed that she is a mere 'straw' owner." (Motion at 126.)

With respect to the other defendants—property of Alfonso Golden Jr.—Maxine Golden's claim is made as next-of-kin. (Motion at 127.) But the government questioned whether she has standing to claim Alfonso Golden Jr.'s property unless she is the executrix or administratrix of his estate, and the Court granted the government leave to file a motion challenging Maxine Golden's standing if the parties could not resolve that issue. (Minutes of Proceedings May 15, 2014.) Status reports reflect that the government cooperated with Claimant Golden's counsel and provided her with ample time to secure estate paperwork. (*See* Doc. Nos. 21 and 22.) In addition, the government issued Rule G(6) special interrogatories to determine Claimant Golden's relationship to the property and standing to make a claim. (Doc. No. 24 and Special Interrogatories

(Doc. No. 25-1).) She never responded to the interrogatories and the government moved to strike her claim.

The Court conducted a scheduled status conference after the motion to strike was filed. Counsel for Maxine Golden, Thomas Bauer, participated on behalf of his client. The Court set December 4, 2014 as the deadline for Claimant Golden's response to the government's motion. (Minutes of Proceedings November 18, 2014.)

1. Golden's Claim is Stricken for Failure to Respond to Special Interrogatories

The government's special interrogatories were delivered to Claimant's counsel on September 22, 2014, prior to the close of discovery as are required by the rule. (Special Interrogatories at 135.) The interrogatories referenced Rule G(6)'s 21 day response requirement on the very first page. (*Id.* at 136.) More than four months have passed since Maxine Golden, who is represented by counsel, was served with the special interrogatories. Maxine Golden has not responded to the interrogatories, nor has she sought an extension or provided any explanation for her failure to respond.

Rule G(6) special interrogatories are not run-of-the mill discovery, but rather are an important tool for the government to sort out colorable from fraudulent claims and to determine a claimant's standing—a threshold issue in civil forfeiture actions. In this case, Claimant Golden asserts a generic ownership interest in the property, but has provided no details to support that contention or otherwise establish standing to claim the defendant property. Had she done so, striking her claim for failing to comply with Rule G(6) may not be appropriate. *United States v. $154.853.00 in U.S. Currency*, 744 F.3d 559, 564 (8th Cir. 2014) (district court abused its discretion in striking claim for

failure to adequately respond to special interrogatories when response unnecessary to determine standing).

Plaintiff's motion to strike was filed well after Claimant Golden's time to respond to the interrogatories had passed. She has been provided with multiple notices of the need to respond to the interrogatories—and of the potential consequences of failing to do so—through various filings and proceedings in this case. As of the date of this Opinion and Order, Maxine Golden has not sought an extension or provided any explanation for failing to respond to the government's motion.

Claimant Golden has made her choice not to respond to the interrogatories or motion, and it is evident to the Court that additional time would not produce a different result. In addition to being unproductive, providing her with additional time would unjustifiably delay resolution of this case, which has been pending for over one year.[6]

Under the facts and circumstances of this case, Claimant Golden's complete failure to respond to the government's Rule G(6) interrogatories—in the absence of any other evidence of standing—justifies granting the government's motion to strike her claim pursuant to Rule G(8)(c)(1)(a). *United States v. Twelve Thousand Eight Hundred Twelve and 00/100 Dollars ($12,812.00) in U.S. Currency*, Civil Action No. 2:12-cv-183, 2012 WL 4062466, at *2 (S.D. Ohio Sept. 14, 2012) (recommending claim be stricken for failure to respond to special interrogatories), *Report and Recommendation adopted by* 2012 WL 4848979 (S.D. Ohio Oct. 11, 2012); *United States v. 2006 Dodge Charger SRT-8*, No. 3:09-CV-518, 2011 WL 2601028, at *2 (E.D. Tenn. June 30, 2011) (granting motion to strike for failing to respond to special interrogatories); *United States*

*v. Approximately $67,900.00 in U.S. Currency*, No. 2:13-cv-01173-JAM-AC, 2013 WL 6440211, at *2 (E.D. Cal. Dec. 9, 2013) (granting motion to strike claim and answer for responding to special interrogatories two months late, without requesting an extension, and response not signed under oath).

Accordingly, Maxine Golden's claim is stricken for failing to comply with Rule G(6).

2. Golden's Claim is Stricken for Lack of Standing

Rule G(8)(c)(i)(B) also permits filing a motion to strike a claim for lack of standing. In this case, Maxine Golden's verified claim pursuant to Rule G(5) is simply a conclusory statement of ownership, which is insufficient under Rule G(5) to establish statutory standing.

But even if she has established statutory standing, Claimant Golden has not shown that she has a colorable claim to the property—Article III standing. Despite repeated notice, and extended accommodations of time and opportunity, she has done nothing to establish her standing to claim the defendant property—either through her responses to the special interrogatories, or in some other manner. Without standing, Maxine Golden cannot assert a claim to the Defendants. *United States v. Four Thousand Two Hundred Seventy-Eight Dollars*, 2014 WL 3420774, at *6 (striking claim for lack of standing); *United States v. $9,770 U.S. Currency*, No. 1:12-cv-354, 2013 WL 1340153, at *3 (W.D. Mich. March 29, 2103) (same).

Accordingly, Maxine Golden's claim is also stricken for lack of standing.

---

[6] The government is prepared to recognize Auto Site's liens against defendants Dodge and Chrysler as legitimate. (Doc. No. 22 at 117-18.)

### III. CONCLUSION

For the reasons contained herein, plaintiff's motion to strike Maxine Golden's claim to Defendants is GRANTED.

The most recent status report filed in this case states that if plaintiff's motion is granted, the government will file motion for default judgment as to Golden's claim. (Doc. No. 26 at 150.) Plaintiff's motion for default judgment, or other dispositive motion, should be filed by February 20, 2015. Any opposition by Golden shall be filed by March 13, 2015, and any reply by March 20, 2015.

**IT IS SO ORDERED**.

Dated: January 29, 2015

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**